IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,331-01






EX PARTE JOSE ROMAN CORTEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-1316-CR IN THE 25TH DISTRICT COURT


FROM GUADALUPE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault and two counts of sexual assault, and sentenced to thirty-five years'
imprisonment for each count. The Fourth Court of Appeals rendered a judgment of acquittal for one
of the sexual assault counts and affirmed the judgment of conviction for the other counts. Cortez
v. State, No. 04-10-00129-CR (Tex. App.--San Antonio 2011, no pet.).

 Applicant contends, among other things, that trial counsel failed to object to testimony from
a sexual assault nurse examiner and to visit Applicant's property and present evidence that a garage
was not on his property.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of trial counsel was deficient and, if so, whether her deficient performance prejudiced
Applicant. In making these findings and conclusions, the trial court shall also determine whether
a garage was on Applicant's property in 2007. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 24, 2012

Do not publish